UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES F. GOLDBERG : | CIVIL ACTION NO. 3:07cv1911 (VLB) |
|     *Plaintiff* : | |
| : | |
| v. : | |
| : | |
| JOHN A. DANAHER, III, et al., : | |
|     *Defendants* : | MAY 21, 2008 |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

The defendants, John Danaher III, Albert Masek, Jr., Barbara Mattson, Thomas Karanda, Ronald Bastura, Susan Mazzoccoli and Christopher Adams, sued in various capacities (collectively, the "State Defendants"), respectfully submit their reply brief in support of their motion to dismiss plaintiff's claims in their entirety because plaintiff lacks standing; his claims are barred by <u>Younger</u> abstention doctrine, the <u>Rooker-Feldman</u> doctrine, absolute immunity, and qualified immunity; and plaintiff has failed to state a claim upon which relief may be granted.

On May 19, 2008, plaintiff filed an opposition brief (doc. # 34) to the State Defendants' motion to dismiss (doc. # 20).[1]  After setting forth the legal standard

---

[1] At the same time, plaintiff also filed a notice of amended complaint or request for leave to file amended complaint (doc. # 33).  The proposed amended complaint does not affect any of the issues raised in the motion to dismiss, nor does it change any of the counts or prayers for relief.  Rather, it simply adds the factual allegations underlying plaintiff's prior requests for a temporary restraining order and preliminary injunction (doc. # 8 & 9), regarding plaintiff's attainment of a temporary pistol permit during the pendency of his administrative appeal from the current revocation of his pistol permit, and the subsequent revocation of the temporary permit.  *See* State's opposition to temporary injunction (doc. # 13).  The State will respond to plaintiff's request for leave to amend by separate pleading.

governing the Court's consideration of a motion to dismiss, and citing Local Civil Rule 7(a), the sum total of plaintiff's opposition to the State Defendants' motion is as follows:

> In reliance upon the Complaint and the standard of law in determining a motion to dismiss, the Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss.

Doc. # 34 at 2.  In essence, plaintiff fails to address any of the State Defendants' substantive arguments, and thus the State Defendants' motion to dismiss should be granted.

"Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion…"  Local Rule 7(a).  Although plaintiff does indeed submit a memorandum, it is so bare bones that plaintiff essentially seeks to transform this Court from a neutral arbitrator to an advocate for the Plaintiff.  This is improper. See Amnesty America v. Town of West Hartford, 361 F.3d 113, 132-133 (2d Cir. 2004) (Plaintiff's brief is "tantamount to a an invitation [to the Court] to scour the record, research any legal theory that comes to mind, and serve as an advocate for appellant"). See also Sousa v. Rocque, 2007 U.S. Dist. LEXIS 26674, at *24 (D. Conn. April 10, 2007) (notes that single sentence opposition to a motion was legally insufficient).

Because Plaintiff's minimal response to the State Defendants' Motion simply seeks to convert this Court into an "advocate" for the Plaintiff and for the reasons set forth in the State Defendants' motion and memorandum in support, the Motion should be granted in its entirety.

        DEFENDANTS, JOHN A. DANAHER III, ALBERT J. MASEK, JR., BARBARA MATTSON, THOMAS KARANDA, RONALD BASTURA, SUSAN MAZZOCCOLI AND CHRISTOPHER ADAMS

        RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  /s/ Clare E. Kindall
Clare E. Kindall, AAG (ct13688)
55 Elm Street; P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5020
Fax: (860) 808-5347
Clare.Kindall@po.state.ct.us

## CERTIFICATION

I hereby certify that on May 21, 2008, a true and accurate copy of the foregoing Defendants' Reply Brief in Support of Their Motion to Dismiss was filed electronically. Parties may access this filing through the Court's system.  Pursuant to the Court's standing order, a courtesy paper copy of this memorandum also was sent by first-class mail, postage prepaid, to the court's chambers.

/s/ Clare E. Kindall
Clare E. Kindall
Assistant Attorney General