UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES GOLDBERG, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-1911 (VLB) |
| JOHN DANAHER, <u>et al.</u>, | : | |
|     Defendants. | : | July 22, 2008 |

### MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS  [Doc. #20]

The plaintiff filed his complaint on December 27, 2007.  [Doc. #1]  On March 3, 2008, the defendants moved to dismiss the complaint in its entirety.  [Doc. #20]  The defendants filed a thirty three page memorandum in support of their motion, stating legal grounds to dismiss the complaint in its entirety, on each individual claim, or as to individual remedies sought, including lack of standing, abstention, the <u>Rooker-Feldman</u> doctrine, qualified immunity, absolute immunity, Eleventh Amendment immunity, and failure to state a claim upon which relief can be granted.

In response to the motion to dismiss, the plaintiff merely stated that pursuant to Local Rule 7(a) he relied on the allegations in his complaint.  [Doc. #34]  He asserted no legal arguments in support of his complaint, in no way opposed the defendants' legal arguments, and failed to direct the court's attention to any allegations in the complaint or points of governing law that would prevent the court from granting the motion to dismiss.  The defendants filed a reply brief asserting that the plaintiff had waived any opposition to the motion to

dismiss and that the motion should be granted. [Doc. #35] The plaintiff chose not to file a surreply to object to that characterization or add any opposition to the motion to dismiss.[1]

Local Rule 7(a)(1) states: "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record." D. Conn. L. Civ. R. 7(a)(1). While the plaintiff filed a docket entry regarding the motion to dismiss, he failed to submit a memorandum in opposition within the meaning of Local Rule 7(a)(1).

The court finds that the plaintiff has waived his claims by failing to oppose the motion to dismiss. The court should not be expected or required to assume the role of legal counsel for the plaintiff, researching every possible legal theory that could allow his claims to survive in light of a well argued motion to dismiss, and pouring through the lengthy pleadings in this case for allegations that could counter the defendants' arguments. See LaPlante v. Estano, 226 F.R.D. 439, 441 (D. Conn. 2005) ("The court cannot be expected to scour the entire case file to find arguments that a party *could* have properly included in a memorandum in

---

[1]On May 19, 2008, the plaintiff filed a motion to amend the complaint. The amended complaint in no way addresses any of the defendants' arguments in the motion to dismiss, and is not relied upon by the plaintiff in opposition to that motion. The court notes the existence of the amendment sought, but finds that the amendment in no way affects the courts decision regarding the motion to dismiss.

opposition, just as the court cannot be expected to scour The Federal Supplement for cases which better support his arguments." (emphasis in original)).  The court notes that the plaintiff further abandoned his defense against the motion to dismiss by not refuting the defendants' assertion in their reply brief that the plaintiff was effectively waiving his opposition.

  The motion to dismiss is GRANTED.  This case is dismissed in its entirety.  The clerk shall terminate this action.

                IT IS SO ORDERED.

                _____/s/_____

                Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut:  July 22, 2008.